**IN THE COURT OF APPEALS OF IOWA**

No. 19-0128
Filed April 17, 2019

**IN THE INTEREST OF T.C., T.B., B.B., K.B., and C.B.,**
**Minor Children,**

**C.B., Mother of T.C., T.B., B.B., and K.B.,**
    Appellant,

**J.B., Father of T.B., B.B., K.B., and C.B.,**
    Appellant.
_____

        Appeal from the Iowa District Court for Poweshiek County, Rose Anne

Mefford, District Associate Judge.


        A mother and father separately appeal the termination of their parental

rights to several children.  **AFFIRMED ON BOTH APPEALS.**


        Misty White, Sigourney, for appellant mother.

        Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant father.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

        Peter W. Stiefel, Victor, attorney and guardian ad litem for minor children.


        Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

The district court terminated parental rights to several children. Two of the parents appeal the termination decision.

## I. *Father*

The appealing father is the biological parent of four of the children involved in this proceeding: C.B. (born in 2005),[1] T.B. and B.B. (born in 2009), and K.B. (born in 2012). The department of human services determined the father struck C.B, leaving a bruise on his face. The State charged the father with child endangerment, and the criminal court issued a no-contact order.

Meanwhile, the department learned that the father struck another child, who has since reached adulthood, and the father sexually abused a step-daughter. The State charged him with crimes arising from these acts, and the criminal no-contact order was extended to all the children involved in this proceeding. The father was convicted of the crimes and was sentenced to three prison terms not exceeding a total of six years.

The department sought and obtained orders temporarily removing the children from the parents' custody and adjudicating them in need of assistance. The State eventually petitioned to terminate parental rights. The district court granted the termination petition as to the father under several statutory provisions, including Iowa Code section 232.116(1)(f) (2018). The provision requires proof of several elements, including proof the child cannot be returned to the parent's custody. Iowa Code § 232.116(1)(f)(4).

---

[1] The parental rights of this child's mother were not terminated. The child was transferred to her custody.

On appeal, the father does not challenge the district court's finding that the children could not be returned to his custody. Nor could he, because he was incarcerated at the time of the termination hearing. However, he does contend the department failed to make reasonable reunification efforts.

"[W]here the elements of termination require reasonable efforts by DHS, . . . '[t]he State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.'" *In re L.T.*, ___ N.W.2d ___, ___, 2019 WL 982910, at *5 (Iowa 2019) (citation omitted). But, "the statute provides for situations in which reunification need not be a goal or component of [the department's] reasonable efforts." *L.T.*, 2019 WL 982910, at *6. "The child's health and safety are paramount and conditions precedent to these efforts." *Id.* at *7.

As noted, the criminal court imposed a no-contact order preventing the father from seeing his children. In light of the order, the department could not facilitate visits with the children. As for other services, the department's case manager testified the father failed to obtain a recommended mental-health evaluation and declined substance-abuse treatment or drug testing, notwithstanding a history of methamphetamine use. The case manager further stated that, during her eight to ten meetings with the father, he often told her he did not see the need for services. We conclude the department did its best to comply with its reasonable-efforts mandate but was stymied by the father's lack of cooperation.

The father also argues termination was not in the children's best interests. *See* Iowa Code § 232.116(2). In making a best-interests analysis, a court is to

give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.*; *see also In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). Based on the father's abuse of multiple children, we conclude termination of his parental rights was in the children's best interests.

Finally, the father contends he should have been afforded an additional six months to work toward reunification. *See* Iowa Code § 232.104(2)(b). Given the father's lengthy prison sentence and his noncompliance with services in the fifteen months preceding his incarceration, we conclude there was no basis for granting an extension of time.

## II. *Mother*

The mother is the biological parent of T.C. (born in 2003),[2] T.B. and B.B. (born in 2009), and K.B. (born in 2012). The district court terminated her parental rights to the children pursuant to two statutory provisions. One of them was Iowa Code section 232.116(1)(f), discussed above.

Like the father, the mother does not explicitly challenge the evidence supporting the grounds for termination cited by the district court, but she does argue the department failed to make reasonable efforts toward reunification. The mother filed a reasonable efforts motion claiming the department failed to afford her sufficient visits with her children. The district court denied the motion.

---

[2] The father of this child had no contact with the child for several years. The district court terminated his parental rights, and he did not file a notice of appeal.

Preliminarily, we address the State's argument that the mother failed to preserve error. We recognize "the importance for a parent to object to services early in the process so appropriate changes can be made." *In re C.B.*, 611 N.W.2d 489, 493–94 (Iowa 2000). The mother filed her reasonable-efforts motion one month before the termination hearing. Although she could have filed the motion sooner, she raised the issue before the termination hearing. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) ("[A] parent has an . . . obligation to demand . . . additional services prior to a permanency or termination hearing."). Accordingly, we conclude error was preserved. *Cf. id.* (concluding the mother failed to preserve error where additional services were not requested before the termination hearing).

That said, the mother faces a more significant hurdle: her unwillingness to engage in additional visits. The department case manager testified the agency offered her weekly visits with the twins, who were placed in separate facilities in western Iowa. The mother declined the offer, electing to see them once every other week. She cited the extensive travel required to reach the twins from her location in central Iowa.

We acknowledge the visits required a full day of the mother's time. But the mother had to expend none of her own funds to see the twins; a service provider picked her up, transported her to both facilities, and returned her to her hometown. The service provider also took the mother to eastern Iowa once a week to visit two of her other children. And the service provider gave her "fuel cards throughout the case" to assist with other transportation obligations. Finally, the service provider offered the mother an additional thirty minutes in eastern Iowa to facilitate visits

with older children. According to the provider, the mother did not always utilize the additional time. On our de novo review, we conclude the district court appropriately denied the mother's request for additional visits.

The mother next argues termination was not in the children's best interests. We disagree. The record establishes the mother could not protect her children. As the case manager testified, her attitude was "blaming the kids" for the breakup of the family "rather than holding [the father] accountable for his actions." She continued, "I feel it shows that she doesn't have that protective capacity when it comes to abuse that was done to her children." We agree with this assessment. On our de novo review, we conclude the children's safety would have been compromised had they been returned to the mother.

Finally, the mother contends she should have been afforded additional time to work towards reunification. The department reported that the mother effectively received a three-month extension when she was not properly served with a required notice and the termination hearing had to be postponed. The mother did not take advantage of this postponement by addressing her past failures to protect the children from abuse. Accordingly, we conclude a further extension of time was not warranted.

We affirm the termination of the parents' rights to their children.

**AFFIRMED ON BOTH APPEALS.**